LARRY LEE ADAMS V. STATE

No. 33,122. March 22, 1961

Motion for Rehearing Overruled April 26, 1961

WOODLEY, Presiding Judge, absent.

*Tom M. Miller,* Graham, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge

Robbery is the offense, with punishment assessed at confinement in the penitentiary for five years.

The indictment alleges two prior convictions for offenses of like character for enhancement purposes, which were proved by the state and admitted by the appellant. The jury, however, found him guilty of only the primary offense of robbery.

The state's testimony reflects that Bert Nichols was working at a service station owned by M. A. Naylor, in Breckenridge, at the time of the commission of the offense. At the time of the trial Nichols was residing in Alabama. Nichols's deposition was taken by agreement of appellant and his counsel and introduced by virtue of said agreement. It reflects the following:

. Nichols was sixty years of age. Appellant occasionally came to the service station for gasoline. On the night in question, some time after ten o'clock, he (appellant) drove through the driveway and stopped in front of the Firestone store adjacent to the service station. He then went into the station and asked Nichols for change for the cigarette machine, from the dollar bill he handed him. As Nichols turned to open the cash register to get the change, appellant hit him in the head. From that time he

knew nothing further until appellant roused him and asked where the "other money * * * hid somewhere around there" was "cached." When Nichols told him all the money was in the cash register, appellant threatened to kill him if he did not tell him where it actually was, and started hitting him again. Nichols did not "remember anything after that for a while." When he "came to," the appellant had gone and had taken the money from the cash register with him. Nichols then called the police, and was taken to the hospital, where twenty-two stitches were taken in his head. He remained in the hospital for eight days.

Appellant adduced testimony from two witnesses in an attempt to establish an issue of mistaken identity, and from two other witnesses, who were his grandmother and a neighbor, in attempting to establish alibi.

Appellant testified that he had been previously convicted of the felonies alleged in the indictment, but he denied going to the service station operated by Nichols and denied robbing him. His further testimony was that he had been to the Star Light Club that night and at 9:30 o'clock he went home, where he lived with his grandmother, to get some money; that he got there about 10 o'clock and got $12 in change from his grandmother; and that about thirty minutes later he was back at the club, remaining there until midnight. While at the club, appellant had exchanged some change for currency given him by the operator of the club.

The trial court instructed the jury on the defensive issue of alibi.

The jury resolved the contention against appellant and adopted the state's version of the transaction.

We find the evidence sufficient to sustain the jury's verdict.

There are no formal bills of exception, nor are there any objections and exceptions to the court's charge.

Appellant based his motion to quash the indictment upon the proposition that the prior convictions alleged were not for an identical offense or offenses of like character as the primary offense.

The matter is not before this court, for the reason that the jury found appellant guilty of the primary offense of robbery, only.

By an informal bill of exception, appellant complains of the action of the trial court in permitting Darvin Wright to testify.

Wright's testimony reflects that on November 11, 1959, while he was working at Reed Service Station in Breckenridge, the appellant, whom he had not previously known, came into the station, handed him a five-dollar bill, and requested five one-dollar bills for it. When Wright went over to the cash register and started to open it, with his back to the appellant, he was hit across the back of his head by appellant. After the question, "You are not hurt much, are you?" appellant hit him ten or twelve more times. Wright further testified: "I heard him when he took the receiver off the phone and when he went out at the door and then I passed out." The witness positively identified the appellant as being the person who assaulted him on that occasion, at which time he had clearly seen his face and heard his voice.

The appellant did not object to the above testimony on redirect examination and Wright was allowed to testify to practically all the facts previously adduced on direct examination —such as the receiver being "jerked off the phone" and "disappearing" at the time he was robbed, and his spending about two days in the hospital as a result of his injuries.

We find no merit in this bill.

For the foregoing reasons, the judgment is affirmed.